**NORTH AMERICAN AIRLINES, Inc.,**
**Petitioner,**

v.

**CIVIL AERONAUTICS BOARD,**
**Respondent,**
**American Airlines, Inc., Intervenor.**

**No. 12041.**

United States Court of Appeals
District of Columbia Circuit.

Decided July 12, 1956.

Petitions for Rehearing Denied
Sept. 18, 1956.

Messrs. Hardy K. Maclay and Walter D. Hansen, Washington, D. C., and Walter J. Derenberg, New York City, for petitioner.

Messrs. Franklin M. Stone, Gen. Counsel, John H. Wanner, Associate Gen. Counsel, O. D. Ozment, Chief, Litigation and Research Division, and Gerald F. Krassa, Atty., Civil Aeronautics Board, and Charles H. Weston, Atty., Department of Justice, for respondent.

Messrs. Howard C. Westwood, John W. Douglas, Jerome Ackerman, Clifton J. Stratton, Jr., and J. Randolph Wilson, Washington, D. C., for intervenor.

Before PRETTYMAN, FAHY and DANAHER, Circuit Judges.

PER CURIAM.

This case is before us now on remand from the Supreme Court, American Airlines v. North American Airlines, 351 U.S. 79, 76 S.Ct. 600. In the light of the decision of the Supreme Court we hold that upon consideration of the record as a whole the finding of the Board that the use by petitioner of the name "North American Airlines, Inc.," "North American Airlines," or "North American," causes substantial public confusion which is likely to continue, is supported by the evidence. We accordingly affirm the order of the Board insofar as it denies the application of petitioner for authority to engage in air transportation under the name North American Airlines, Inc., and orders it to cease and desist from engaging in air transportation under the names North American Airlines, Inc., North American Airlines, or North American. But the evidence does not support the finding of the Board that the term "American" had acquired a secondary meaning before petitioner incorporated that term in its name or changed its corporate name, or the finding that such secondary meaning continues to exist. Accordingly, we set aside the order of the Board insofar as it orders petitioner to cease and desist engaging in air transportation under any other name which includes the word "American."

In view of the foregoing and because of the representations made to us by motion of intervenor, American Airlines, Inc., that during the pendency of the remand petitioner has abandoned

864

the use of the name North American Airlines, Inc., and is now using the name "Trans American Airlines," the case will be remanded to the Board for such further proceedings as it may be advised, and as are consistent with this opinion.

It is so ordered.